**SCHIFFMAN LAW OFFICE, P.C.**
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Carroll,<br><br>                              Plaintiff,<br>vs.<br><br>Metropolitan Life Insurance Company;<br>Long Term Disability Plan for Non-Excluded Employees of Honeywell International, Inc.<br><br>                              Defendants. | No.<br><br>**COMPLAINT** |

For his claim against Defendants, David Carroll ("Carroll") alleges as follows:

**JURISDICTION AND VENUE**

1.   Carroll is a resident of Maricopa County, Arizona.

2.   Defendant Metropolitan Life Insurance Company ("MetLife") is an insurance company incorporated in Delaware, with its principal place of business in New York, New York. MetLife is authorized to do business in Maricopa County, Arizona.

3.   Defendant Long Term Disability Plan for Non-Excluded Employees of Honeywell International, Inc. ("Plan") is a purported ERISA benefit plan established and maintained by Honeywell International Inc. ("Honeywell") for the benefit of its employees. The Plan includes long-term disability benefits ("LTD"). Honeywell is the Plan Administrator.

4.   Honeywell is a Plan Fiduciary as that term is defined by ERISA.

5. This Court has jurisdiction over the Plan pursuant to ERISA 29 U.S.C. § 1132, and because the Plan and MetLife have caused events to occur in Arizona out of which Carroll's claims arise.

6. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

7. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

8. MetLife pays for and administers the Plan's LTD benefits.

9. MetLife is the Claim Administrator and is a Plan Fiduciary as defined by ERISA for the Plan's LTD benefits.

## GENERAL ALLEGATIONS

10. Honeywell provided certain employees with LTD benefits pursuant to the Plan.

11. Under the terms of the LTD benefit, Carroll is entitled to benefits for the first 24 months when MetLife determines he is unable to perform all the material duties of his regular occupation, or qualified alternative, or if he is unable to earn 80% or more of his indexed predisability earnings.

12. After the first 24 months of disability, Carroll is considered disabled if he is unable to work in any reasonable occupation solely because of a disease or injury. The Plan defines reasonable occupation as any gainful activity for which Carroll may become reasonably qualified, based on education, training or experience that would results in 80% or more of his indexed predisability earnings.

13. At all relevant times, Carroll was a Honeywell employee, became a covered individual under the Plan, and remained continuously employed until his disability rendered him unable to work in his regular occupation as an Systems Engineer 3 on January 18, 2011.

14. The material and substantial duties of Carroll's occupation that he was unable to perform, include, but are not limited to:

- Ability to work a regular, 40-hour work week;
- Ability to work without incurring numerous days off in any given month due to manic episodes, which have resulted in psychosis and hospitalization;
- Ability to work due to severe depression, including exhaustion and issues with concentration and memory;
- Ability to work due to Arizona Department of Health Services determination that Carroll is seriously mentally ill and incapable of caring for himself, that he has dysfunction in role performance and risk of deterioration;
- Ability to work due to anxiety and symptoms of PTSD.

15. Carroll was diagnosed with bipolar disorder, depression, anxiety, and post-traumatic stress disorder and dissociative identity disorder.

16. Carroll became disabled on January 18, 2011 and remains disabled from his own occupation and from any occupation for which he is qualified based on education, training or experience and for which he could earn 60% of his pre-disability earnings.

17. MetLife initially denied Carroll's claim on December 29, 2015 after paying his claim over four years, including paying Carroll into the any occupation provision of the Plan.

18. Carroll is entitled to 60% of his Predisability Earnings from December 21, 2015 through the present.

19. Carroll's is entitled to a monthly LTD disability benefit in the amount of $2,183.70 from December 21, 2015 to the present, which reflects the gross benefit of $4,216.00 less the offset for his SSDI benefits in the amount of $2,032.30.

20. Carroll provided proof of his debilitating medical conditions. In addition, Carroll provided MetLife with completed attending physician statements and extensive medical records that support his disability.

21. Carroll submitted his appeal on December 6, 2016.

22. MetLife issued a final denial on March 14, 2017.

23. Carroll has satisfied the jurisdictional prerequisites to filing a claim in federal court.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

24. Carroll incorporates and realleges all previous allegations.

25. The Plan contains some language purporting to grant Carroll discretion and to give Carroll the ability to delegate discretion to others; however, on information and belief, the purported delegation is invalid and Carroll is entitled to de novo review.

26. Carroll became disabled on January 18, 2011 and remains unable to perform the duties of any other occupation for which he is qualified based on education, training or experience.

27. Despite the coverage of Carroll's long-term disability, MetLife terminated LTD benefits after paying Carroll LTD benefits for over four years. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

28. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Carroll is entitled to recover all benefits due under the terms of the Plan, and to enforce his rights under the terms of the Plan.

29. Pursuant to 29 U.S.C. § 1132(g), Carroll is entitled to recover his attorneys' fees and costs incurred herein from Honeywell and the Plan.

-5-

30. Carroll is entitled to prejudgment interest at the highest legal rate on the benefits to which he is entitled pursuant to A.R.S. § 20-462.

WHEREFORE, Carroll prays for entry of judgment against Defendants as follows:

A. For all past benefits due Carroll under the terms of the Plan;

B. For an award of Carroll's attorneys' fees and costs incurred herein;

C. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

D. For such other and further relief as the Court deems just and reasonable.

Dated this 26th day of February 2018.

SCHIFFMAN LAW OFFICE, P.C.

By: */s/ Lisa J. Counters*
Lisa J. Counters